IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02344-BNB

KENT FRENCH, 112-709,

    Plaintiff,

v.

STATE OF COLORADO,
DOC & AIC,
S.C.F. WARDEN,
S.C.F. MEDICAL, and
C.O.'s S.C.F.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Kent French, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. French, acting *pro se*, initiated this action on September 21, 2009, by submitting to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. French is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. French will be ordered to file an Amended Complaint.

Mr. French asserts that his requests for his prescription refills are delayed for four to six weeks and the approval for medical appliances is delayed for weeks to months. Mr. French further asserts that only five inmates may stand inside a building

when waiting in the "med line." The remaining inmates in the med line must wait outside in sub-zero weather. Mr. French seeks money damages, release from prison, and expungement of his criminal record. Release and expungement of a criminal record are not available remedies in a 42 U.S.C. § 1983 action.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. **See Clemmons v. Bohannon**, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986); **see also Adkins v. Rodriguez**, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).

To establish liability under the Eighth Amendment, a plaintiff must show, in part, that the defendants acted with deliberate indifference to his health or safety. **See Farmer v. Brennan**, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Deliberate indifference requires a higher degree of fault than gross negligence. **See Berry v. City of Muskogee**, 900 F.2d 1489, 1495 (10th Cir. 1990). Mr. French, however, does not allege that he incurred any physical injury.

Mr. French also is suing improper parties. Mr. French may not sue the State of Colorado or the Colorado Department of Corrections. The State of Colorado and its

entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Defendant S.C.F. Medical is not a person for the purpose of a § 1983 action. Mr. French must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the Mr. French must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory

3

position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. French further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. French] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. French file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. French, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. French fails to file an Amended Complaint within the time allowed, and which complies with this Order, the Complaint and the action will be dismissed without further notice.

DATED October 2, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02344-BNB

Kent French
Prisoner No. 112709
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk