IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02344-BNB

KENT FRENCH,

    Plaintiff,

v.

GOV. BILL RITTER,
STATE ATTORNEY GENERAL, JOHN SUTHERS,
JUDGE GUITEREZ, 19th District,
DIST. ATTORNEY, KEN BUCK,
WELD COUNTY, COLORADO,
SHERIFF JOHN COOK, and
GREELEY POLICE DEPT.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2009

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Plaintiff Kent French is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Corrections Facility. Mr. French, acting *pro se*, initiated this action on September 21, 2009, by submitted to the Court a Prisoner Complaint pursuant 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In the original Prisoner Complaint, Mr. French asserted claims regarding inadequate medical treatment. Magistrate Judge Boyd N. Boland instructed Mr. French to amend the Complaint in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), and name only proper defendants who participated in the alleged claims. Mr. French filed an Amended Complaint on October 13, 2009, in which he asserts claims that challenge his conviction and not the adequacy of his medical treatment.

The Court must construe the Amended Complaint liberally because Mr. French is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. French raises three claims challenging his conviction in his state court criminal proceedings. In particular, Mr. French asserts (1) he was taking psychotropic drugs during his criminal proceedings; (2) his defense counsel provided poor representation; and (3) he was not read his *Miranda* rights at the time of his arrest. Mr. French seeks money damages, expungement of the criminal convictions, and release from prison.

Mr. French may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. French, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. French does not allege an invalidation of his conviction nor is there an indication in the Complaint that he was granted one.

Furthermore, to the extent that Mr. French is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 21 day of Oct., 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02344-BNB

Kent French
Prisoner No. 112709
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/22/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk